IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSHUWA DZEESHAUGH EVANS-SALTER,** : | CIVIL ACTION NO. 3:19-CV-950 |
| : | |
| : | (Judge Conner) |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **JOHN WETZEL,** *et al.*, : | |
| : | |
| **Defendants** : | |

### MEMORANDUM

Plaintiff Joshuwa Dzeeshaugh Evans-Salter, a prisoner presently confined at the State Correctional Institution at Mahanoy in Frackville, Pennsylvania, filed a complaint alleging a conditions of confinement claim pursuant to 42 U.S.C. § 1983. (See Doc. 1). Defendants have filed a motion to dismiss the complaint, which plaintiff has not opposed and which is now ripe for disposition. (See Doc. 16). For the reasons that follow, the court will grant the motion and dismiss the complaint.

**I.   Background**

Plaintiff was at all times relevant to the complaint incarcerated at the State Correctional Institution at Mahanoy. (Doc. 1 at 1).

On October 20, 2017, at approximately 9:30 a.m., plaintiff was placed in a non-contact visiting booth in the visiting search area with his hands cuffed behind his back. (Id. at 2). Plaintiff asked defendant corrections officer Baldwin, who was the officer on duty, to use the restroom. (Id. at 3). Defendant Baldwin stated, "the RHU staff were on their way." (Id.) At approximately 11:10 a.m., plaintiff continually screamed at the corrections officer on duty that he needed to use the restroom, to

which the officer responded, "the RHU staff were on their way." (Id.) Plaintiff spoke with another inmate who had observed the incident and wondered aloud whether the corrections officers were trying to make him urinate on himself." (Id.) The other inmate acknowledged that he witnessed the incident and continued to work his job in the visiting room. (Id.)

Plaintiff attempted to hold his urine for as long as possible, but eventually urinated on himself. (Id.) At 1:00 p.m., the RHU staff arrived and transferred him to the RHU. (Id.) In doing so, plaintiff had to walk through general population, and he was embarrassed because his pants were soaked in urine. (Id.)

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

2

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

**III.    Discussion**

Plaintiff has brought his Eighth Amendment constitutional claim pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)).

In order to establish a constitutional violation, an Eighth Amendment conditions of confinement claim must be so reprehensible as to be deemed inhumane under contemporary standards or one that deprives an inmate of minimal civilized measures of the necessities of life. See Hudson v. McMillian, 503 U.S. 1, 8 (1992). A claim against a prison official must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious," and (2) the "prison official must have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). In prison condition cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. An evaluation of the context of the claim is necessary. "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." See id. at 304.

Here, plaintiff was purportedly without access to a bathroom for approximately two and a half hours and had to walk through general population after he had urinated on himself. While being without such access for a sufficient duration of time has been deemed to violate the Eighth Amendment, a shorter period without access has continually been found to not violate the Eighth Amendment. For example, in Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992), the Court of Appeals for the Third Circuit held that placing an inmate in a cell without a toilet for four days with only one opportunity to use the bathroom, forcing him to otherwise relieve himself in his cell where he also lacked toilet paper and the ability to wash his hands, was "revolting" and violated the Eighth Amendment. Id. at 365. In Young, the court noted that "the touchstone" in such a claim "is the health of the inmate." Id. at 364.

In other cases, however, courts have continually found that a short period without access to a bathroom does not violate the Eighth Amendment; these cases range from a few minutes to up to eight hours without access to a bathroom. See, e.g., Stewart v. Varano, 601 F. App'x 107, 110 (3d Cir. 2015) (nonprecedential) (inmate forced to wait approximately twenty minutes did not violate the Eighth Amendment); Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (brief deprivation of the right to use the bathroom, in the absence of physical harm or a serious risk of contamination, does not rise to the level of an Eighth Amendment violation); Heitschmidt v. City of Houston, 161 F.3d 834, 837-38 (5th Cir. 1998) (complete prohibition on use of toilet cannot amount to a constitutional violation where it lasts only four hours); Cook v. Wetzel, No. 13-cv-6575, 2015 WL 2395390, at *5 (E.D. Pa.

5

May 20, 2015) (eight hours without access to the restroom was not "dehumanizing, unhealthy, or unsanitary" and did not violate the Eighth Amendment); Locke v. Sobina, No. 10-cv-66, 2011 WL 841368, at *7 (W.D. Pa. Mar. 8, 2011) (inmate forced to occasionally wait a few hours for access to the restroom and who sometimes had to urinate in a cup could not state a conditions of confinement claim under the Eight Amendment); Owens v. Padilla, No. 06-cv-4778, 2008 WL 3916068, at *4 (N.D. Cal. Aug.22, 2008) ("Plaintiff's confinement in the barbershop room without a toilet for approximately six hours . . . would not, without more, implicate the Eighth Amendment"); Whitted v. Lazerson, No. 96 Civ. 2746, 1998 WL 259929, at *2 (S.D.N.Y. May 21, 1998) (alleged violation was not objectively serious where the inmate was continually told he had to wait a few minutes to go to the toilet and the inmate ultimately urinated on himself after waiting an hour and a half).

    Plaintiff's wait of two and a half hours to use the bathroom is not a violation of the Eighth Amendment. Unlike in Young, the time during which plaintiff lacked access to a bathroom was minimal, only a couple of hours, and not "objectively, sufficiently serious." Plaintiff does not allege a risk or danger to his health, and the court can discern no such risks from the circumstances he describes. Although it was understandably embarrassing for plaintiff to walk through general population after he had urinated on himself, that additional factor is simply not enough to transform the conduct alleged in the complaint into a constitutional violation.

    Notably, in order to state a conditions of confinement claim, plaintiff must allege that the prison defendants were deliberately indifferent to his health or safety. Such cannot be said here. Both corrections officers explained to plaintiff

6

that RHU staff was on their way, an indication that they expected that RHU staff would be attending to plaintiff and his needs shortly. That the RHU staff did not arrive until an hour or two later does not impart the requisite culpability on the part of the defendants. Like the other courts to have addressed similar circumstances, the court finds that plaintiff has failed to allege an Eighth Amendment conditions of confinement claim.

Generally, "plaintiffs who file complaints subject to dismissal . . . should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The court will grant leave to amend in order to allow plaintiff an opportunity to amend his complaint in conformance with this memorandum opinion.

## IV.   Conclusion

For the foregoing reasons, the court will grant the motion to dismiss and dismiss the complaint, with leave to amend granted. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     September 30, 2020